oral argument as *amicus curiae*, it is ordered that said motion is hereby granted, and that *amicus curiae* will be allotted 10 minutes to present oral argument.

No. 16–0671/AF. U.S. v. Keanu D.W. Ortiz. CCA 38839. On consideration of the motion filed by the United States Army Government Appellate Division for leave to present oral argument as *amicus curiae*, it is ordered that said motion is hereby denied.

No. 17–0203/AR. U.S. v. David L. Jerkins. CCA 20140071. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 15, 2017.

No. 17–0204/AR. U.S. v. Joshua A. Marks. CCA 20150428. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 15, 2017.

No. 17–0205/AR. U.S. v. Kenneth B. Boyd. CCA 20150632. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 15, 2017.

No. 17–0208/CG. U.S. v. John C. Riesbeck. CCA 1374. Appellant's motion to extend time to file the supplement to the petition for grant of review granted to February 16, 2017.

Tuesday, January 31, 2017

No. 17–0142/AR. U.S. v. Antione D. Williams. CCA 20130446. On consideration of the petition for grant of review of the decision of the United States Army Court of Criminal Appeals, it is ordered that said petition is hereby granted on the following issue:

> WHETHER JUDGE JAMES W. HERRING, JUDGE ON THE COURT OF MILITARY COMMISSION REVIEW, WAS STATUTORILY AUTHORIZED TO SIT ON THE ARMY COURT OF CRIMINAL APPEALS, AND EVEN IF HE WAS STATUTORILY AUTHORIZED TO BE ASSIGNED TO THE ARMY COURT OF CRIMINAL APPEALS, WHETHER HIS SERVICE ON BOTH COURTS VIOLATED THE APPOINTMENTS CLAUSE GIVEN HIS NEWLY ATTAINED STATUS AS A SUPERIOR OFFICER.

No briefs will be filed under Rule 25.